UNITED STATES of America,
Plaintiff–Appellee,

v.

Douglas J. PHILLIPS, Defendant–
Appellant.

No. 98–50226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1999.

Filed April 28, 1999.

Paul L. Hoffman, Bostwick & Hoffman, Santa Monica, California, for the defendant-appellant.

David Z. Seide, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

ent had petitioner's counsel introduced Kendall's own records.

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

LAY, Circuit Judge:

This appeal stems from a restitution order imposed upon Douglas Phillips after he pled guilty to one count of subscribing to a false income tax return and one count of assisting in the preparation of a false income tax return, in violation of 26 U.S.C. § 7206(1) & (2). The district court sentenced Phillips to two years imprisonment and entered an order for Phillips to pay $831,400 in restitution. Phillips appeals the order for restitution.

On May 23, 1996, an original indictment was filed charging Douglas Phillips with various securities and tax fraud violations. On September 4, 1997, Douglas Phillips pled guilty to two counts of tax fraud pursuant to a plea agreement with the government. As part of this agreement, which included a waiver of appeal clause, the government dropped the counts of securities fraud. The plea agreement stated that the district court could order restitution against Phillips for the full loss caused by his activities, that restitution was not limited to the amounts found in the counts to which Phillips was pleading guilty, and that the amount of restitution would be determined by the district court at the time of sentencing.

At sentencing, the district court rejected the government's argument that Phillips' stock market manipulation scheme was relevant conduct pursuant to sentencing guideline § 1B1.3 and denied the government's request for a two-level enhancement on that basis. The court, however, went on to find that it could order restitution for the victims of the stock fraud scheme under 18 U.S.C. § 3663(a)(3) [1] because Phillips agreed under the plea agreement that restitution was not "restricted to the amounts alleged in the counts to which you are pleading guilty." The court imposed restitution of $831,400 to be paid to a victim restitution fund

administered by the SEC and sentenced Phillips to twelve months imprisonment and one year of supervised release.

On appeal, Phillips contends that the district court exceeded its authority in ordering restitution for alleged acts of securities fraud to which he did not plead guilty. He argues that the restitution order should, therefore, be limited to the approximately $70,000 in lost tax revenue. Specifically, he alleges that (1) the district court's restitution order exceeded the scope of the district court's authority under the Victim and Witness Protection Act ("VWPA") and also exceeded the intended scope of the plea agreement, (2) the district court erred by not taking into account his ability to pay; and (3) the government failed to establish by a preponderance of the evidence that Phillips violated the securities laws.

## DISCUSSION

### Waiver of Appeal

The government contends that Phillips waived his right to appeal the restitution order as part of his plea agreement. Whether a defendant has waived his statutory right to an appeal is an issue of law subject to *de novo* review. *United States v. Zink*, 107 F.3d 716, 717 (9th Cir.1997). The waiver clause in the agreement provided in part: "[Y]ou knowingly and voluntarily waive your right to appeal any sentence and restitution order imposed by the Court and the manner in which the Court determines your sentence and restitution order, so long as the sentence is up to a net offense level of 12 following an adjustment for acceptance of responsibility." The government argues that because Phillips was sentenced based on the net offense level of 10, he waived his right to appeal the restitution order. We disagree.

Plea agreements are governed by contract principles. *United States v.*

---

1. Section 3663(a)(3) provides: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a

plea agreement." 18 U.S.C. § 3663(a)(3) (1990).

*Gerace,* 997 F.2d 1293, 1294 (9th Cir.1993). Thus, in interpreting plea agreements, "the government is to be held to the literal terms of the agreement . . . and ordinarily must bear responsibility for any lack of clarity." *United States v. Anderson,* 970 F.2d 602, 607 (9th Cir.1992), *as amended,* 990 F.2d 1163 (1993) (citations omitted). In this case, the waiver of appeal does not include a cap on restitution. *United States v. Blitz,* 151 F.3d 1002, 1005–6 (9th Cir. 1998), *cert. denied sub nom., Marie v. United States,* —— U.S. ——, 119 S.Ct. 567, 142 L.Ed.2d 473 (1998)(holding that the defendant waived the right to appeal a restitution order as long as the order did not exceed $481,000 as provided in the plea agreement). It is true that a court can impose restitution when the plea agreement is silent as to the amount of restitution as long as the amount is based on actual damages. *United States v. Parrott,* 992 F.2d 914, 917 (9th Cir.1993). Allocating actual damages in this manner, however, carries with it a requirement of notice to the defendant. *Id.* Notice was absent in this case due to the ambiguous nature of the plea agreement.

In this situation, the plea agreement was unclear about exactly what the amount of actual damages would be. The plea agreement provides in part:

> By signing this agreement, you also agree that the Court can order you to pay restitution for the full loss caused by your activities. You agree that the restitution order is *not* restricted to the amounts alleged in the counts to which you are pleading guilty.

The government urges that this agreement would allow the district court to include restitution for the damages related to the dismissed security counts. Another reasonable interpretation of the plea agreement, however, is that Phillips agreed that a restitution order could be based on the full extent of his tax fraud activities and that the amount of the restitution order could be greater than the amounts alleged in the counts to which he was pleading guilty. Thus, ambiguity leads to two different interpretations and does not make

clear that the court could hold Phillips accountable for other activities only "tangentially" related to the tax fraud counts alleged. *Cf. United States v. Riley,* 143 F.3d 1289, 1290 (9th Cir.1998) (holding that "the district court was without authority to order restitution for losses only tangentially related to the criminal scheme"). Due to the two possible interpretations, we hold that the plea agreement is ambiguous regarding the amount of restitution, and therefore, the waiver of appeal of the restitution order cannot be held to have been voluntarily and knowingly entered into by the defendant.

■ Even if Phillips had voluntarily and knowingly waived his general right to appeal, this waiver would not affect his ability to appeal a violation of the VWPA. The Fourth Circuit addressed waiver of appeal under the VWPA in *United States v. Broughton–Jones,* 71 F.3d 1143 (4th Cir. 1995). In *Broughton–Jones,* the court held that a certain appeal waiver was valid, but that it did not preclude the argument that the restitution order violated the VWPA. *Broughton–Jones,* 71 F.3d at 1146–49. The court stated:

> [A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court. For example, a defendant could not be said to have waived his right to appellate review of a sentence *imposed in excess of the maximum penalty provided by statute* or based on a constitutionally impermissible factor such as race.

*Id.* at 1147 (citation omitted). The court reasoned that a restitution order which exceeded its authority under the VWPA is equivalent to an illegal sentence. The court then held that such a restitution order was "in excess of the maximum penalty provided by statute" and, therefore, the waiver of appeal was inapplicable to it. This reasoning also applies in this case and, therefore, Phillips' appeal is not waived.

*Restitution Order*

■ Under the VWPA, a "court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3) (1990). In arguing that the parties agreed that Phillips would be liable for the full restitution amount, the government heavily relies upon *United States v. Soderling,* 970 F.2d 529 (9th Cir.1992), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993). In *Soderling,* this court upheld a restitution order for losses stemming from seven allegedly illegal transactions although the defendants only pled guilty to two. As part of the plea agreement the defendants "agreed to plead guilty to the two counts contained in the pending information and to make restitution for the losses stemming from those two offenses and from the other five transactions, all in return for the government's agreement not to prosecute them for offenses arising out of the other five transactions." *Soderling,* 970 F.2d at 531. The court held that the amount of restitution that the defendants agreed to pay was authorized by law because they agreed to the restitution in return for the government's promise to drop the other offenses.

Similarly, this exception was recognized in *United States v. Baker,* 25 F.3d 1452, 1456 (9th Cir.1994), wherein the court recognized, "a district court may order restitution 'for losses stemming from offenses other than those on which there was a conviction *if* the defendant agrees to such in a plea bargain in return for a promise by the government to drop or not pursue the other offenses.'" *Baker,* 25 F.3d at 1457 (citing *Soderling,* 970 F.2d at 532). In *Baker,* however, the court held that the exception recognized in *Soderling* did not apply. In vacating the restitution order, the court found that the plea agreement did not specifically state that the defendant agreed that the court could impose restitution beyond the losses caused by the

offense conduct. *Id.* at 1458. The court concluded that the defendant did not agree to pay heightened restitution as consideration for the government's dropping of the other counts.

This court's reasoning in *Baker* applies to this case. In Phillips' plea agreement, he did not specifically agree to pay restitution for the securities fraud counts in exchange for the government's promise to drop those charges. The ambiguity in the agreed upon restitution must be construed against the government to encompass only the tax fraud counts. *See Anderson,* 970 F.2d at 607. We, therefore, hold that the court erred in ordering restitution beyond the amounts directly related to the tax fraud counts.[2]

## CONCLUSION

For the foregoing reasons, we vacate the restitution order and remand for reconsideration consistent with this opinion.

---

2. In view of our holding, the other claims that Phillips makes as to his ability to pay and the

standard of proof need not be decided.