UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcel Robert WYATT, Defendant–
Appellant.

No. 00–10415.

D.C. No. CR–99–00142–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided July 12, 2001.

Before GOODWIN, GRABER, and
McKEOWN, Circuit Judges.

MEMORANDUM *

Pursuant to a plea agreement, Defendant Marcel Robert Wyatt pleaded guilty to one count of assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4). The district court sentenced him to five years' probation and imposed restitution of $18,377.15, to be paid to the Indian Health Service (IHS). Defendant appeals on only one ground: that IHS was not a proper recipient of restitution. On de novo review, *United States v. Laney*, 189 F.3d 954, 964–65 (9th Cir.1999), we affirm.

I. *Defendant did not waive this argument in his plea agreement.*

As a threshold matter, the government argues that Defendant waived any argument concerning the award of restitution by accepting the plea agreement. That argument is unavailing. This court has held that a general waiver of the right to appeal, like the one contained in Defendant's plea agreement, does not waive a defendant's right to "assert[ ] a violation of the statute governing the imposition of restitution." *United States v. Johnston*, 199 F.3d 1015, 1023 (9th Cir.1999); *see also United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir.1999).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## II. *IHS may receive restitution under 18 U.S.C. § 3664.*

The district court identified Anthony Lundy as the "victim" of the assault. Defendant concedes that Lundy was a "victim" within the meaning of 18 U.S.C. § 3663. Defendant also concedes that a victim's medical bills generally are a proper measure of restitution and that the medical bills arising from private providers' care of Lundy totaled $18,377.15 in this case.

But Lundy did not pay those bills; IHS did. Because IHS had paid Lundy's medical bills, the court ordered Defendant to pay restitution to IHS, pursuant to 18 U.S.C. § 3664(j)(1).

Defendant argues that the district court erred in ordering him to pay restitution to IHS. He contends that IHS, a "nonvictim" of the assault, cannot recover under § 3664 as a provider of "compensation" to a victim, because § 3664 is a "procedural" statute that does not "independently authorize restitution to third parties."

We disagree. This court previously has affirmed an award of restitution to a third party that covered an assault victim's medical expenses. *United States v. Miguel,* 49 F.3d 505, 512 (9th Cir.1995) (affirming award of restitution to the Office of the Worker's Compensation Program, which had paid the medical expenses of a victim who was assaulted while working in a national park). The plain text of 18 U.S.C. § 3664 authorizes payment of restitution to the party that provided compensation to a "victim." Here, that party is IHS.

AFFIRMED.