**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rosalio GONZALEZ–RODRIGUEZ, aka
Senobio Armendari Gonzalez, aka Er-
nesto Baltizar Carillo, aka Antonio
Gomez Hernandez, Defendant–Appel-
lant.**

No. 01–10631.

D.C. No. CR–01–00069–SRB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2002 [1].

Decided June 18, 2002.

Before LAY,[2] THOMPSON and TALLMAN, Circuit Judges.

MEMORANDUM [3]

Rosalio Gonzalez–Rodriguez entered a guilty plea to an indictment charging him

---

2. The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

3. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

with re-entry after deportation, a violation of 8 U.S.C. § 1326(a) (as enhanced by 1326(b)). At the time of his plea, he signed a written plea agreement in which he admitted he was unlawfully in the United States and had not obtained consent of the Attorney General before returning. In the written plea agreement, he also admitted he had been previously convicted of an aggravated felony, i.e. possession of marijuana for sale.

■ On appeal, he argues (1) at the time of his plea agreement the district court failed to inform him that the state crime for which he had been previously convicted was not an aggravated felony, and (2) the district court failed to comply with Federal Rule of Criminal Procedure 11(f) by failing to ascertain whether a factual basis existed for his sentence enhancement under 8 U.S.C. § 1326(b). Both claims rest on Gonzalez–Rodriguez's assertion that the possession of marijuana for sale is not an aggravated felony.

The defendant relies upon this court's en banc decision in *United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001), which held that a conviction under California Health and Safety Code § 11360(a) does not facially constitute an aggravated felony. The defendant argues that this decision preceded his guilty plea taken on September 17, 2001, and that the trial court and the defendant both mistakenly assumed the charge under the California statute was, in fact, an aggravated felony. California Health and Safety Code § 11360(a) provides in relevant part:

[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish,

administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

The defendant, however, construes our holding in *Rivera–Sanchez* too broadly. There, we merely held that "the full range of conduct encompassed by the statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Therefore, Rivera–Sanchez's 1986 conviction facially does not qualify as an aggravated felony."

The *Rivera–Sanchez* court relied upon *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which allows the court to look not only at the statutory definition of the prior offense, but also "to go beyond the mere fact of conviction" and look at the conduct of the defendant. *Id.* at 577, 110 S.Ct. 2143. Although it would appear that the defendant was sentenced under the same statute at issue in *Rivera–Sanchez*,[4] in the present case the defendant stipulated in his plea agreement that he had been convicted for possession of marijuana for sale in the California Superior Court. As such, this conduct constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

■ The defendant also asserts the district court failed to comply with Federal Rule of Criminal Procedure 11(f) in that the district court made no inquiry to determine whether there was a factual basis for the plea. During the plea hearing, the court asked the defendant whether he was "convicted of possession of marijuana for sale on or about August 18, 1997, in the Superior Court of California in Los Angeles." The defendant answered "yes." At the sentencing proceeding, the defendant's

---

4. We note the possibility that Gonzalez–Rodriguez was convicted under California Health and Safety Code § 11359, which proscribes only the possession of marijuana for sale. We

have no way of knowing because the parties do not tell us. Ultimately, it makes no difference in the outcome.

attorney discussed his prior state court conviction when he stated in the presence of the defendant: "Unfortunately for him, he got involved in a situation where his economic need drove him to be involved with this marijuana possession for sale." Under the circumstances, we hold there was sufficient factual basis demonstrated at the plea proceeding, as well as at the sentencing hearing, to show compliance with Federal Rule of Criminal Procedure 11(f).

On the basis of the above discussion, we find there is no merit to the defendant's claim. Judgment of conviction AFFIRMED.[5]

**5.** The government asserts the defendant waived his right to appeal in the written plea agreement and that as such, the defendant has no right to challenge the merits of his sentence. We think the law is clear that, notwithstanding such a waiver, the defendant may raise a question regarding his conviction in certain circumstances, such as where the trial court has allegedly sentenced the defendant under an unconstitutional statute or through a mistake of law. *United States v. Phillips,* 174 F.3d 1074, 1076 (9th Cir.1999). Because of our discussion of the merits, however, it is not necessary for us to enter into any further discussion on this issue.