**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Walid Abdel Halim ABOUGHAZALA,
Defendant—Appellant.**

No. 02–50402.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**636**

Ronald L. Cheng, Esq., David Vaughn, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Robison D. Harley, Esq., Santa Ana, CA, Walid Abdel Halim Aboughazala, pro se, Monterey Park, CA, for Defendant–Appellant.

Before: PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Walid Abdel Halim Aboughazala appeals his guilty-plea conviction and 18–month sentence for three counts of bribing a witness, in violation of 18 U.S.C. § 201(b)(3). We dismiss for lack of jurisdiction in accordance with the appeal waiver in the plea agreement.

Counsel for appellant initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating that he found no meritorious issues for review, along with a motion to withdraw as counsel of record. We denied the motion to withdraw and ordered further briefing on: (1) Whether the order of restitution is within the statutory maximum, and constitutional. Specifically, the parties were directed to brief the issue of whether the nature of the alleged loss was properly characterized as "restitution" and, if so, whether the amount was permissibly calculated; and (2) Whether the waiver of appeal in the plea agreement precludes appellate review of the order of restitution.

■ After further briefing and upon our review of the record, we conclude the dis-

trict court acted within its authority to award restitution. *See* 18 U.S.C. § 3663. Moreover, the district court did not commit reversible error in determining an amount of restitution based on losses directly and proximately caused by Aboughazala's conduct. *See* 18 U.S.C. § 3663(a)(2); *United States v. Cummings*, 281 F.3d 1046, 1052 (9th Cir.), *cert. denied*, 537 U.S. 895, 123 S.Ct. 179, 154 L.Ed.2d 162 (2002) (permitting restitution in the amount of attorney fees, where defendant kidnapped children from his ex-wife and took them outside the country, resulting in fees incurred in separate civil actions seeking to have children returned). Restitution therefore was not ordered in violation of the law. *Cf. United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir.1999) (invalidating appeal waiver that was ambiguous as to amount of restitution).

■ Because the appeal waiver in the plea agreement is valid, this appeal is dismissed for lack of jurisdiction. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir.2000).

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.