Wayne C. EVANS, Petitioner— Appellant,

v.

UNITED STATES of America, Respondent—Appellee.

No. 06–15791.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2008.

Filed March 17, 2008.

Rosemary A. Gordon, Esq., Tucson, AZ, for Petitioner–Appellant.

Bruce M. Ferg, Esq., Robert L. Miskell, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Respondent–Appellee.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Wayne C. Evans appeals the district court's denial of his petition for a writ of error coram nobis. We affirm.

* This disposition is not appropriate for publica-   tion and is not precedent except as provided

Evans argues that the district court wrongfully ordered him to pay restitution to the Tohono O'odham Indian Nation as part of his guilty plea to misappropriation of funds from an Indian tribal organization. Evans claims that his trial counsel violated his Sixth Amendment right to effective assistance by not demanding a hearing on restitution and by failing to adequately challenge the Pre-Sentence Report's calculation of restitution.

However, in his plea agreement, Evans waived "any right to raise or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement." A writ of error coram nobis constitutes a collateral attack on a criminal conviction. *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir.1994). The plea agreement explicitly provided that the district court would decide the amount of restitution to be paid by Evans. Accordingly, because the restitution order was not illegal or unconstitutional, Evans is barred by his plea waiver from contesting the sentence through a writ of error coram nobis. *See United States v. Phillips,* 174 F.3d 1074, 1076 (9th Cir.1999).

Assuming arguendo that a claim of ineffective assistance of counsel survives a waiver of collateral challenge contained in a plea agreement, we observe that Evans has failed to demonstrate that his counsel's performance fell below the standards required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Evans' counsel clearly contested the amount of restitution at the sentencing hearing, and the disagreements as to the strategy employed do not rise to the level

by 9th Cir. R. 36-3.

of a constitutional violation. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

**AFFIRMED.**