**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Russell CALKINS, Defendant–**
**Appellant.**

**No. 07–10031.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2008.

Filed May 1, 2008.

Brian L. Sullivan, Esq., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Marc Picker, Esq., Reno, NV, for Defendant–Appellant.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Federal probationer Russell Lee Calkins appeals his sentence of restitution. Calkins pleaded guilty to storing hazardous waste without a permit in violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(d)(2)(A), and was sentenced to five years of probation subject to the condition that he pay

$182,631.82 in restitution to the owner of the building he contaminated.

Calkins entered into a plea agreement in which he agreed to the entry of restitution to compensate for the victims' losses. He also expressly agreed to restitution compensating for the costs of any clean up that was conducted. He has thus waived any argument that the district court abused its discretion in ordering restitution. He has not, however, waived his contention that the district court lacked legal authority to impose restitution as a condition of probation, *see United States v. Phillips,* 174 F.3d 1074, 1076 (9th Cir.1999), but that contention lacks merit.

The Sentencing Reform Act of 1984 ("SRA") gives the district court discretion to require the defendant to pay "restitution to the victim of the offense" as a "condition[ ] of the sentence of probation." 18 U.S.C. § 3563; *see also United States v. Angelica,* 859 F.2d 1390, 1392 (9th Cir. 1988) (explaining that the predecessor statute to the SRA authorized a district court to impose restitution as a condition of a defendant's probation). The district court thus had legal authority to impose restitution as a condition of Calkins' probation.

Calkins also contends that, under the Sixth Amendment, the facts supporting any restitution order must be found by a jury rather than a judge. We have already rejected this argument. The Sixth Amendment does not require a jury to find beyond a reasonable doubt the facts necessary to impose restitution; instead, a judge can find those facts by a preponderance of the evidence. *See United States v. Bussell,* 414 F.3d 1048, 1060 (9th Cir.2005).

The district court's restitution order is **AFFIRMED.**