MEMORANDUM ***
Charles Andrew Thurman appeals from a court order of restitution imposed after he pleaded guilty to failure to pay child support. Thurman argues the district court erred in (1) failing to deduct a pending lien from its award of restitution, and (2) refusing to order Nevada motor vehicle officials to reinstate his Nevada driver’s license.
We conclude Thurman waived his right to appeal the restitution order and the district court had no authority to order Nevada to reinstate Thurman’s driver’s license. Exercising jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM.
I.
The parties are familiar with the facts and we need not repeat them here. In summary, Thurman was indicted for failure to pay a child support obligation in violation of 18 U.S.C. § 228(a)(3) and mail fraud, in violation of 18 U.S.C. § 1341. Thurman pleaded guilty to the child support charge, and entered a plea agreement.
In the plea agreement, Thurman acknowledged that “restitution is mandatory and the court must order restitution in an amount equal to the total support obligation as it exists at the time of sentencing.” He also “knowingly and willingly waive[d] his right to appeal any sentence to be imposed that is within the applicable Sentencing Guidelines range, ... the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 and ... any other aspect of his conviction or sentence.” He reserved his right, however, to appeal any sentence that *601 was an upward departure and outside the applicable guideline range.
At the sentencing hearing, the district court sentenced Thurman to five years’ probation with special conditions, and ordered him to pay restitution in the amount set forth in the Pre-Sentence Report. The district court declined to offset the amount of a lien on Thurman’s house from the amount of restitution or to order Nevada to reinstate Thurman’s driver’s license so he could better comply with the restitution order. The court determined that Thurman’s driver’s license request was “so far beyond this Court’s jurisdiction that my view is you’re wasting your time.”
II.
Thurman waived his right to appeal the restitution order, and the district court did not err in rejecting his request to reinstate his Nevada driver’s license.
A. Waiver.
We review “de novo the question of whether defendants have validly waived their right to appeal under [a] plea agreement.” United, States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). “Generally, courts will enforce a defendant’s waiver of his right to appeal if (1) the language of the waiver encompasses the defendant’s right to appeal on the grounds claimed on appeal, and (2) the waiver is ‘knowingly and voluntarily made.’ ” United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (internal citations omitted).
Here, the language of the waiver plainly encompassed the right to appeal the restitution order, and the record discloses that Thurman knowingly and voluntarily entered the plea and waiver. Thurman reserved the right to appeal a sentence only to the extent it was an upward departure and outside the range established by the Sentencing Guidelines. But his sentence was neither an upward departure nor outside the applicable range. Thurman acknowledged at sentencing that he intended to forfeit his general appellate rights, and he admitted that at the time he owed $57,882.75 in unpaid child support.
Federal law provides for mandatory restitution in “an amount equal to the total unpaid support obligation as it exists at the time of sentencing.” 18 U.S.C. § 228(d). And 18 U.S.C. § 3664, which governs the issuance and enforcement of such restitution orders, dictates that “the court shall order restitution to each victim in the full amount of each victim’s losses,” § 3664(f)(1)(A), and that in “no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.” § 3664(f)(1)(B).
Under the circumstances, Thurman’s waiver covered the right to appeal the restitution order. We have explained that under § 3663, “restitution is part of the criminal sentence.” United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993) (describing the Victim and Witness Protection Act). Moreover, Thurman waived his right to appeal any aspect of his conviction or sentence except for the two conditions he does not contest on appeal. Thus, Thurman’s waiver plainly covered the right to appeal the restitution order here. Additionally, the record is clear that Thurman’s waiver was knowing and voluntary.
We reject Thurman’s argument that the restitution order was illegal, and therefore outside the appeal waiver. See United States v. Phillips, 174 F.3d 1074, 1075-76 (9th Cir.1999). Thurman admitted he owed the amount of child support ordered by the district court and that any lien on his property had not been executed at the time the district court imposed restitution. The court properly calculated the amount *602 of loss, and the restitution order was not illegal.[1]
B. Driver’s License.
We also conclude that the court properly determined it lacked jurisdiction to order Nevada to reinstate Thurman’s driver’s license. We review constitutional issues and questions of subject matter jurisdiction de novo. Martinez v. City of Los Angeles, 141 F.3d 1373, 1382 (9th Cir. 1998); Chang v. United States, 327 F.3d 911, 922 (9th Cir.2003).
Thurman’s theory is novel. He argues the district court should have ordered Nevada to reinstate his driver’s license because Congress granted jurisdiction to federal courts to collect child support obligations from out-of-state parents under the Commerce Clause, citing § 228, and pursuant to that grant of power, Thurman contends the district court had the power to order Nevada to reinstate his license.
Thurman cites no authority to support his contention that federal courts can intercede in state driver’s licensing matters. Ninth Circuit law is clear that we do not have the power to do so. See e.g., United States v. Snyder, 852 F.2d 471, 475 (9th Cir.1988) (“Drivers’ licenses are issued pursuant to the states’ police powers, and the federal government has no constitutional authority to interfere with a state’s exercise of its police power.... [Fjederal courts are constitutionally barred from unilaterally ordering suspensions of state drivers’ licenses.”). Nor does enforcement of the child support statute provide a free-ranging basis to intrude in core state police power absent a valid, specific grant of authority from Congress. See id. (explaining that the federal government has no authority to interfere with a state’s exercise of its police power except to the extent the state’s action intrudes on a sphere in which the federal government enjoys the power to regulate); Printz v. United States, 521 U.S. 898, 928, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997) (“It is an essential attribute of the States’ retained sovereignty that they remain independent and autonomous within their proper sphere of authority.”).
Lacking any authority to reinstate Thurman’s driver’s license, the district court did not err in rejecting the argument.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The lien only secures Thurman's payment obligations. Thus, as the district court correctly concluded "the presence or absence of a lien on any property anywhere obviously would not affect [the] amount [of restitution] unless the lien was somehow exercised and fully — and satisfied.” In any event, Thurman is entitled to seek an offset from the district court if the lien amount is ever paid.