NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50505 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00583-AHM-1 |
| v. | |
| ERNEST V. NELSON, AKA Ernest Vanoise Nelson, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted October 13, 2011**
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for North Dakota, Fargo, sitting by designation.

Ernest Nelson pled guilty to one count of willfully filing a fraudulent tax return in violation of 26 U.S.C. § 7206(1). The district court ordered restitution, to which Nelson did not object. On appeal, Nelson challenges the district court's authority to enter the restitution order. We hold that the district court properly ordered restitution but remand for the district court to correct its clerical error.[1]

The legality of restitution orders is reviewed *de novo*, *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998), and the amount of restitution is reviewed for abuse of discretion. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010). Here, because Nelson did not object to the restitution order in the proceedings below, his claim is reviewed for plain error. *Id.* Accordingly, Nelson must show error that is plain, and that affects his substantial rights. *United States v. Pelisman*, 641 F.3d 399, 404 (9th Cir. 2011). Should he make such a showing, we may then grant relief only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Fu Sheng Kuo*, 620 F.3d at 1164 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

Nelson signed a Plea Agreement that provided that the district court could order him to pay additional taxes, interest and penalties. At a hearing on his

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

sentence on April 12, 2010, Nelson acknowledged his outstanding federal tax obligation, and through counsel reaffirmed that the restitution amount agreed to by the parties had been determined by Nelson's accountant and was lower than the government's estimate. On October 5, 2010, when Nelson was sentenced, the prosecuting attorney reiterated that the parties had agreed to $433,031.92 as the amount of restitution, Nelson offered no objection, and the court entered a restitution order in that amount. We determine that the record shows that Nelson agreed to restitution in the amount of $433,031.92.

In its Judgment and Commitment Order, the district court stated that Nelson was required to pay the restitution amount "pursuant to 18 U.S.C. § 3663A." This was error. Section 3663A was enacted as part of the Mandatory Victim Restitution Act in 1996, and its mandatory restitution provision is triggered only by "crimes of violence, crimes against property, and crimes related to tampering with consumer products." 18 U.S.C. § 3663A(c)(1). Nelson's conviction under 26 U.S.C. § 7206(1) for filing a false tax return is not covered by § 3663A. *United States v. Dubose*, 146 F.3d 1141, 1143 (9th Cir. 1998); *Bussel*, 504 F.3d at 967 n.15.

However, the restitution order is proper under 18 U.S.C. § 3663(a)(3) which provides that a "court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." In *United States v. Soderling*, 970

3

F.2d 529, 534 (9th Cir. 1992), we noted that "whereas section 3663(a)(1) is limited to restitution for offenses under title 18 or . . . title 49, section 3663(a)(3) applies to offenses under *any* title of the United States Code." *See also United States v. Phillips*, 174 F.3d 1074 (9th Cir. 1999).

We find that the district court's citation to 18 U.S.C. § 3663A rather than 18 U.S.C. § 3663(a)(3) was a clerical error and harmless. We have held that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." *Chowdhury v. I.N.S.*, 249 F.3d 970, 973 n.2 (9th Cir. 2001).

Accordingly, we affirm the district court's imposition of the restitution, but remand the matter to the district court to correct its clerical error to reflect that the restitution order is pursuant to 18 U.S.C. § 3663(a)(3). *See United States v. Grzesczuk*, 125 F.3d 1319 (9th Cir. 1997) (court remand for clarification where district court failed to cite a restitution statute in either the court transcripts or final order.)

**AFFIRMED AND REMANDED**