NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-30281 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 4:11-cr-00130-EJL-1 |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| DAREN L. PALMER, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 5, 2013[**]
Seattle, Washington

Before:    FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Daren L. Palmer appeals the district court's order that he pay restitution[1] in

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

[1]See 18 U.S.C. § 3663A.

the amount of $29,842,731 to the victims of the wire fraud scheme[2] to which he

pled guilty.[3]  We affirm in part and dismiss in part.

(1)     Because Palmer's plea agreement did not spell out the amount of

restitution with sufficient accuracy, he did not effectively waive his right to appeal

the amount of restitution when he entered into that agreement.  See United States v.

Tsosie, 639 F.3d 1213, 1217–18 (9th Cir. 2011); United States v. Gordon, 393 F.3d

1044, 1049–50 (9th Cir. 2004); United States v. Phillips, 174 F.3d 1074, 1075–76

(9th Cir. 1999); see also United States v. Harris, 628 F.3d 1203, 1205 (9th Cir.

2011).  Thus, we will proceed with that portion of his appeal.

(2)     At sentencing, counsel expressly agreed that the amount in question

was one with which "we do not have any issue," and with which "we do not

disagree."  That smacks of a waiver rather than a forfeiture of his restitution claim,[4]

but the government argues that we should review for plain error.[5]  We have done

just that, and in light of the evidence before the district court, we discover no error,

---

[2]See id. § 1343; see also id. § 1957.

[3]He also suggests that the length of his sentence should be reviewed.  See USSG §2B1.1(b) (Offenses Involving Fraud and Deceit).

[4]See United States v. Olano, 507 U.S. 725, 732–34, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993).

[5]See id. at 734, 113 S. Ct. at 1777–79; United States v. Zink, 107 F.3d 716, 718 (9th Cir. 1997).

much less error that was plain. Moreover, while Palmer objects that the district court did not give an exegesis on why it adopted the restitution amount, it is plain from the record that the court did consider the matter,[6] and that the information before it was reliable.[7] In short, whether we deem the issue waived or review it for plain error, the result is the same;[8] Palmer cannot prevail.

(3)    To the extent that Palmer seeks to appeal the length of his sentence, we dismiss his appeal because he waived his appeal rights in his plea agreement. See Harris, 628 F.3d at 1205; United States v. Anglin, 215 F.3d 1064, 1065–66 (9th Cir. 2000).

AFFIRMED in part and DISMISSED in part.

---

[6]See United States v. Petri, 706 F.3d 1178, 1186 (9th Cir. 2013); United States v. Mills, 991 F.2d 609, 611 (9th Cir. 1993).

[7]See United States v. Ali, 620 F.3d 1062, 1073 n.10 (9th Cir. 2010).

[8]See United States v. Caperell, 938 F.2d 975, 980 (9th Cir. 1991).