NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10184 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:19-cr-00643-JST-1 |
| ROSS ANTHONY FARCA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted October 18, 2021**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District
Judge.

Ross Anthony Farca ("Farca") appeals an order requiring him to pay

restitution to the United States Army ("Army") after pleading guilty to making a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2). We have jurisdiction under 28 U.S.C. § 1291. We "review de novo the legality of a restitution order." *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008). We also review de novo whether a defendant has waived his statutory right to appeal. *United States v. Zink*, 107 F.3d 716, 717 (9th Cir. 1997).

Farca answered "No" to a question on an Army background check form asking if he had consulted with a health care professional regarding an emotional or mental health condition in the last seven years. Based partly on this representation, Farca was admitted into the Army. Shortly after his admission, Farca was arrested for an altercation with another recruit and was discharged from the Army for "erroneous enlistment" and "medical condition disqualifying for military service." Farca then pleaded guilty to making a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2). At sentencing, the district court found the total loss to the Army to be $17,832 and ordered Farca to pay restitution in that amount. Upon review, we affirm the district court's restitution order.

Farca claims the district court exceeded its authority under the Victims and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663. The Army contends Farca waived his right to appeal because at sentencing he acknowledged that "the Government

2

certainly has discretion . . . to order restitution under 3663(a)(1)(A) [of the VWPA]." Farca then disputed the amount of restitution to be paid, not the legality of the restitution order itself. In general, "waiver of appeal does not preclude [a] claim that restitution exceeded statutory authority." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) (citing *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995)). Thus, even if an appellant has "voluntarily and knowingly waived his general right to appeal, this waiver would not affect his ability to appeal a violation of the VWPA." *See United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999).

The costs of recruiting and training Farca are covered by the VWPA. Under the VWPA, a district court has discretion to order restitution when (1) a defendant is convicted of an offense under Title 18, (2) the offense "result[s] in damage to or loss or destruction of property," and (3) there is a "victim." *See* 18 U.S.C. § 3663(a)(1)(A), (b)(1). The statute defines "victim" as a person "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663(a)(2). The statute does not define "property," however, the Ninth Circuit has adopted a broad interpretation. *See United States v. Luis*, 765 F.3d 1061, 1065-66 (9th Cir. 2014) (defining the phrase "against property" as "infringing on a victim's property interest" in the restitution context); *see also United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007)

(noting that a court "may look to cases decided under the VWPA for guidance in interpreting the MVRA").

Here, Farca made a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2), thus violating Title 18. The Army expended money to recruit and train Farca and subsequently lost the value of its investment because Farca was not fit to serve. *See Luis*, 765 F.3d at 1066 (holding that a "pecuniary loss" constitutes "an offense against property"). The conduct for which Farca's restitution was ordered, lying on a federal form, was the direct and proximate cause of the Army's loss, and the district court limited restitution to $17,832, the amount expended to train Farca. ("[R]ecruiting and training a student for the course that Mr. Farca attended…equates to $493 per day... Mr. Farca was on active duty 36 days, at a cost of $17,382."). Thus, the restitution order did not "exceed the amount . . . for the offense charged." 18 U.S.C. § 3663.

It is unnecessary to decide if restitution in this case was mandatory because the court had discretion and statutory authority to impose the order under the VWPA.

**AFFIRMED**.

4