NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. KAREN POGOSIAN, Defendant-Appellant. | No. 22-50230 D.C. Nos. 2:18-cr-00548-ODW-5 2:18-cr-00548-ODW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted December 13, 2023**
Pasadena, California

Before: WALLACH,*** CHRISTEN, and OWENS, Circuit Judges.

Defendant-Appellant Karen Pogosian ("Pogosian") appeals from the district

court's order denying his motion to dismiss and from his sentence. Because the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We begin with Pogosian's appeal of the district court's order denying his motion to dismiss. Pogosian argues he was deprived of due process because the prosecutor failed to disclose during his prior plea negotiations that the instant charges might be filed against him in the future. *See United States v. Clark*, 218 F.3d 1092, 1097 (9th Cir. 2000) ("[A] prosecutor has a good faith duty to inform a defendant of possible future criminal charges only when a failure to inform rises to the level of a denial of due process."). We are not persuaded by Pogosian's argument.

First, the offenses at issue in Pogosian's prior prosecution and in this case arose from "independent criminal transactions."[1] *United States v. Krasn*, 614 F.2d 1229, 1234 (9th Cir. 1980); *Clark*, 218 F.3d at 1097. Second, the Government's investigation into the offenses giving rise to the instant prosecution was ongoing at the time of the earlier plea negotiations and did not result in an indictment until more than a year after Pogosian entered his plea agreement. *Clark*, 218 F.3d at 1097. Third, the Government's reasons for non-disclosure—*i.e.*, that disclosure might reveal the identity of a cooperator and create a risk that higher-level targets

---

[1] Pogosian requests that the court take judicial notice of several documents from his prior prosecution. We GRANT the unopposed motion (Dkt. 14). *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

might flee, attempt to influence witnesses, or destroy evidence—do not "suggest foul play." *Id.* Fourth, in Pogosian's previous plea agreement, he expressly acknowledged that the Government remained "free to criminally prosecute [him] for any other unlawful past conduct" aside from the offenses charged. We conclude that the district court did not err by denying Pogosian's motion to dismiss.[2]

2.      We next turn to Pogosian's challenge to the district court's determination of his criminal history under the Sentencing Guidelines. We decline to consider Pogosian's attempts to avoid his appellate waiver on this issue because he did not raise his arguments in his opening brief. *United States v. Lo*, 839 F.3d 777, 787 n.3 (9th Cir. 2016) (concluding that challenge to appellate waiver was waived because the defendant "did not raise th[e] argument in his opening brief").[3] Even if we considered Pogosian's arguments, the appellate waiver applies because the district court's decision to add criminal history points is directed to "the

---

[2] Pogosian also argues that the district court should have held an evidentiary hearing. Plain error review applies. *See United States v. Sahakian*, 965 F.2d 740, 741 (9th Cir. 1992) (applying plain error review where defendant made no request for an evidentiary hearing in the district court). Because Defendant has not attempted to satisfy the plain error standard, we conclude that the district court did not plainly err by declining to order an evidentiary hearing.

[3] We also GRANT the Government's motion to strike (Dkt. 41) because Pogosian's Rule 28(j) letter (Dkt. 39) made "new contentions not raised in the briefs . . . ." *United States v. Gonzalez-Torres*, 309 F.3d 594, 599 n.1 (9th Cir. 2002).

procedures and calculations used to determine and impose any portion of the sentence[.]"

3.     We next address Pogosian's challenge to the district court's restitution order, to which we apply plain error review.  As an initial matter, the appellate waiver is inapplicable because Pogosian argues the restitution order exceeds statutory authority.  *See United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999) (noting that waiver of appeal was inapplicable to argument that restitution order violated a federal restitution statute).  Pogosian argues the restitution order violated the applicable federal restitution statutes, 18 U.S.C. §§ 3663, 3663A, because those statutes do not authorize repayment of the Government's investigation costs as restitution.  *See United States v. Salcedo-Lopez*, 907 F.2d 97, 98 (9th Cir. 1990) (per curiam) (concluding that restitution to the government was improper because the government "did not 'lose' money as a direct result of [the defendant's] activities" when it voluntarily paid for phony documents in its undercover investigation); *United States v. Meacham*, 27 F.3d 214, 218-19 (6th Cir. 1994) (concluding that restitution to the government for repayment of money used by undercover officers to buy drugs was unlawful because "repayment of the cost of investigation [pursuant to a plea agreement] is not 'restitution' within the meaning of [§ 3663]").

Even if the district court had erred by imposing the restitution order, any

4

such error was not "clear or obvious." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Moreover, any error did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

**AFFIRMED.**