**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JANE DOE, | No. 22-70098 |
| | D.C. No. 2:17-cr-00072-RFB |
| JANE DOE,<br>*Petitioner,* | |
| v. | ORDER AND AMENDED OPINION |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS,<br>*Respondent,* | |
| VONTEAK ALEXANDER; UNITED STATES OF AMERICA,<br>*Real Parties in Interest.* | |

Petition for Writ of Mandamus

Argued and Submitted September 19, 2022
San Francisco, California

Filed October 25, 2022
Amended January 18, 2023

Before: Susan P. Graber, Michelle T. Friedland, and Lucy H. Koh, Circuit Judges.

Order;
Opinion by Judge Graber

### SUMMARY[*]

**Mandamus / Crime Victims' Rights Act**

The panel filed (1) an order amending its opinion, denying a petition for panel rehearing, and denying on behalf of the court a petition for rehearing en banc; and (2) an amended opinion granting Jane Doe's petition for a writ of mandamus pursuant to 18 U.S.C. § 3771(d)(3), a provision of the Crime Victims' Rights Act.

The defendant kidnapped Doe, then age twelve, and drove her from California to Nevada knowing that she would engage in prostitution. The defendant entered into a written plea agreement pursuant to which, in exchange for the government's promise to drop five serious criminal charges, he would plead guilty to two lesser crimes (interstate travel in aid of unlawful activity, in violation of 18 U.S.C. § 1952(a)(3)(A)) and would pay Doe restitution. The district court nonetheless concluded that it lacked statutory authority to order the defendant to pay restitution to Doe.

Applying ordinary standards of review, rather than the mandamus standard set forth in *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977), the panel reviewed de novo the questions of law raised by the parties.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel published the opinion to reiterate what this court held in two cases decided three decades ago: 18 U.S.C. § 3663(a)(3) grants statutory authority to district courts to award restitution whenever a defendant agrees in a plea agreement to pay restitution.

The defendant did not dispute that § 3663(a)(3) authorizes district courts to award restitution as agreed to by the parties in a plea agreement. Rather, he argued that the district court lacked authority to award restitution under the plea agreement in this case. The defendant first argued that the restitution provision in the plea agreement unambiguously limited the district court's authority such that the court could award restitution only for those crimes that trigger mandatory restitution under 18 U.S.C. § 2259; and that because none of the defendant's conduct amounted to a crime that fell within that category, the district court lacked authority to award Doe restitution under the plain terms of the plea agreement. The defendant then argued that even if the plea agreement was ambiguous, this court should interpret that ambiguity in his favor and hold that the district court lacked authority to award restitution under the plea agreement. Rejecting both arguments, the panel wrote that the extrinsic evidence unambiguously demonstrated that the defendant agreed to pay restitution for Doe's loss, as defined in 18 U.S.C. § 2259(b)(3); and, accordingly, the rule that ambiguities are construed against the government did not apply.

The panel held that the district court's holding that it lacked statutory authority to order restitution was legal error. The panel granted the mandamus petition and instructed the district court to address, in the first instance, the defendant's evidentiary challenges and other arguments concerning the appropriate amount of restitution.

## COUNSEL

Paul G. Cassell, Utah Appellate Project, S.J. Quinney College of Law at the University of Utah, Salt Lake City, Utah; Rose M. Mukhar and Norah C. Cunningham I, Justice at Last Inc, San Carlos, California; for Petitioner.

Christopher F. Burton and Robert L. Ellman; Assistant United States Attorneys; Elizabeth O. White, Assistant United States Attorney, Appellate Chief; Jason M. Frierson, United States Attorney; Office of the United States Attorney, Reno, Nevada; for Real Party in Interest United States of America.

Amy B. Cleary and Wendi L. Overmyer, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Federal Public Defender's Office, Las Vegas Nevada; Christopher Oram, Law Office of Christopher R. Oram LTD, Las Vegas, Nevada; for Real Party in Interest Vonteak Alexander.

## ORDER

The opinion filed on October 25, 2022, and published at 51 F.4th 1023, is hereby amended by the opinion filed concurrently with this order. With the opinion so amended, the panel has voted to deny the petition for panel rehearing. Judges Friedland and Koh have voted to deny the petition for rehearing en banc, and Judge Graber has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for panel rehearing and petition for rehearing en banc, Docket No. 33, are DENIED. No further petitions for rehearing will be accepted.

## OPINION

GRABER, Circuit Judge:

When Jane Doe was twelve years old, Defendant Vonteak Alexander drove her from California to Las Vegas, Nevada, knowing that she would engage in prostitution. Jane Doe eventually alerted authorities that she was a missing juvenile, and police officers arrested Defendant. Facing five serious criminal charges, Defendant entered into a written plea agreement. Pursuant to that agreement, in exchange for the government's promise to drop the five charges, Defendant would plead guilty to two lesser crimes and would pay restitution to Jane Doe. The district court presided over several hearings aimed at determining the proper amount of restitution. After a new lawyer took over Defendant's representation, Defendant argued for the first time that the district court lacked statutory authority to order any restitution whatsoever. The district court reluctantly agreed with Defendant's legal argument. Accordingly, the court issued an order denying Jane Doe's request for restitution on the sole ground that the court lacked statutory authority to award it.

Jane Doe then filed this petition for a writ of mandamus pursuant to 18 U.S.C. § 3771(d)(3), a provision of the Crime Victims' Rights Act. We publish this opinion to reiterate what we held in two cases decided three decades ago: that 18 U.S.C. § 3663(a)(3) grants statutory authority to district

courts to award restitution whenever a defendant agrees in a plea agreement to pay restitution.  United States v. McAninch, 994 F.2d 1380, 1384 n.4 (9th Cir. 1993); United States v. Soderling, 970 F.2d 529, 534 n.9 (9th Cir. 1992) (per curiam).  Because the district court has statutory authority to carry out the parties' intent that Defendant pay Jane Doe restitution, we grant the petition and instruct the district court to address, in the first instance, Defendant's evidentiary challenges and other arguments concerning the appropriate amount of restitution.

## FACTUAL AND PROCEDURAL HISTORY

The government originally indicted Defendant on five counts that pertained to sex trafficking:  (1) conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594; (2) sex trafficking, in violation of 18 U.S.C. § 1591; (3) conspiracy to transport for prostitution or other sexual activity, in violation of 18 U.S.C. § 2423; (4) transportation for prostitution or other criminal activity, in violation of 18 U.S.C. § 2423; and (5) coercion and enticement, in violation of 18 U.S.C. § 2422.  The parties entered into plea negotiations, and the government later filed a criminal information charging Defendant with only two counts of interstate travel in aid of unlawful activity, in violation of 18 U.S.C. § 1952(a)(3)(A).  The criminal information does not specify the nature of the unlawful activity.

The government and Defendant then negotiated a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), (C).  Defendant agreed to plead guilty to the two counts in the criminal information and to pay restitution.  In exchange, the government agreed to dismiss the indictment and to forgo bringing any additional charges stemming from the investigation.  Defendant

admitted that he drove Jane Doe from California to Las Vegas, Nevada, with the intent that Jane Doe engage in unlawful activity and that he then attempted to facilitate Jane Doe's engaging in unspecified unlawful activity. The parties agreed to be bound by any sentence within the range of 60 months to 96 months of imprisonment.

The plea agreement also required Defendant to pay restitution:

> The Defendant acknowledges that the conduct to which he is entering a plea is gives [sic] rise to mandatory restitution to the victim(s). <u>See</u> 18 U.S.C. § 2259. The Defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the Defendant has been involved. The Defendant agrees to pay the victim(s) the "full amount of the victim's losses" as defined in 18 U.S.C. § 2259(b)(3).

Section 2259(b)(3)[1] defines the "full amount of the victim's losses" to include six categories of loss, including some costs of medical care and reasonable attorneys' fees.

---

[1] Since Defendant committed his crimes in 2016, Congress has relabeled § 2259(b)(3) as subsection (c)(2), and Congress made a conforming change to § 1593(b)(3), which formerly cited § 2259(b)(3) and now cites § 2259(c)(2). Unless otherwise noted, we refer to the versions of §§ 1593 and 2259 that were in effect in 2016.

The district court then presided over a plea colloquy. The government's lawyer summarized the terms of the plea agreement and stated, with respect to restitution, that Defendant "agrees to pay the victim the full amount of victim's losses as defined in 18 U.S.C. § 2259(b)(3)." Defendant and his lawyer agreed with the summary. The court accepted Defendant's guilty plea and scheduled sentencing.

The district court later presided over a sentencing hearing. Defendant sought the low end of the plea agreement's range, 60 months; Jane Doe and the government sought the high end, 96 months; and the court sentenced Defendant to 96 months in prison. Consistent with a victim's statement that she had filed before sentencing, Jane Doe requested $15,000 in restitution. Defendant's lawyer requested that restitution be considered later, during a separate hearing. He elaborated that the government bore the burden of proof as to restitution and that, in his view, the government failed to provide sufficient evidence to support the restitution amount. The court agreed to defer a decision on restitution and later scheduled a hearing on restitution.[2]

On the day before the scheduled hearing, Defendant filed a motion pertaining to restitution. Defendant argued that Jane Doe had used the wrong legal formula when calculating restitution. In particular, 18 U.S.C. § 1593(b)(3) defines the full amount of the victim's losses as having "the same meaning as provided in section 2259(b)(3) and shall in

---

[2] Although restitution remained undecided, the district court entered a judgment of conviction, and Defendant timely appealed. A motions panel of this court granted Defendant's unopposed motion to stay the direct appeal pending final resolution of this mandamus petition. Case No. 21-10164, Docket No. 19.

addition include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." (Emphasis added.) In calculating loss, Jane Doe used the formula supplied by § 1593(b)(3) but not found expressly in § 2259(b)(3). In his motion, Defendant asserted that § 1593(b)(3) "employs a unique restitution calculation that differs significantly from Sections 2259 and 3663." According to Defendant, the "unique loss provisions" of § 1593(b)(3) should not apply here. Defendant argued, instead, that "the Court should reject Jane Doe's proposed restitution calculation[] of $15,000 . . . in favor of a restitution calculation consistent with 18 U.S.C. §§ 2259(c)(2) or 3663A(b)(2)."[3] In short, Defendant asked the court to calculate loss pursuant to § 2259's definition, as the parties had agreed, and not pursuant to § 1593's definition.

At the scheduled hearing the next day, Defendant's lawyer reiterated that § 2259, not § 1593, provides the correct method for calculating restitution. The district court "agree[d] with [Defendant's lawyer] that 2259 is the statute that applies." Turning to Jane Doe's request for restitution, the district court specifically found that Defendant did not force Jane Doe into acts of prostitution; Defendant was not "her pimp." The court therefore denied restitution to the extent that it depended on that theory.

---

[3] The passage contains two typographical errors, which we have corrected here and on page 18. Defendant cited "§ 2559," a statute that does not exist. From context, it is clear that he meant § 2259. The passage also contains an extra open-parens, which we have omitted.

But the court was clear that other categories of restitution, as defined by § 2259, such as current and future medical and psychological expenses, were potentially available to Jane Doe.  Because Defendant's motion was filed late on the day before the hearing, the district court allowed Jane Doe time to file a supplemental request for restitution.  On a separate topic, Defendant's lawyer informed the court and the parties that he was moving out of state but that another lawyer from his office would represent Defendant going forward.

Jane Doe timely filed a supplemental request for restitution.  Instead of the original $15,000, Jane Doe now requested approximately $1.5 million.  Tracking the categories in § 2259(b)(3), she sought lost future earnings, future medical expenses, attorney's fees, transportation costs, and past lost wages.

About six months later, Defendant—now represented by a new lawyer—filed an opposition to restitution.  Defendant argued for the first time that the district court "lacks authority to order restitution."  According to Defendant, because he did not commit a crime under any statute that permits or mandates an order of restitution, the court lacked authority to order restitution.

The parties then appeared for a final hearing on restitution.  Defendant's lawyer stated that "I recognize that [Defendant] in his plea agreement agreed to pay restitution." But, Defendant's lawyer continued, § 2259 does not "allow the Court to order restitution."  In response to the court's questions about how Defendant could renounce his agreement to pay restitution, Defendant's lawyer responded candidly:  "I was not a party to this plea agreement, Your

Honor. I came aboard this case I think after four to five years of litigation and have tried my very best to get up to speed."

The government took the "same lockstep" position as Jane Doe's and "st[ood] by th[e] plea agreement," asking the court to order restitution to Jane Doe. With respect to the court's authority to order restitution, Jane Doe's lawyer stated that, "if there is this plea agreement which articulates and calls out that restitution, the Court has the authority" to order restitution.

Defendant's lawyer conferred with him and stated that "he is requesting that the Court impose restitution of $1,000." His lawyer continued that Defendant "is understanding that his plea agreement – in his plea agreement he agreed to pay restitution." Defendant also raised, in the alternative, several arguments against the specific requests for restitution, such as a lack of evidentiary support and a lack of proximate cause.

In May 2022, the district court issued a short order denying restitution. "The Court finds that despite the egregious conduct admitted by Defendant in this case it cannot order restitution to Jane Doe." The court held that § 2259 was not directly applicable because Defendant "did not commit any of the enumerated offenses under the relevant chapter." The court rejected the argument that the plea agreement itself "could provide a basis for restitution" because a "consent to application does not itself expand the Court's legal authority." The court concluded that "while the Court finds that [Defendant] committed egregious acts by which Jane Doe suffered and will continue to suffer, the Court simply does not find that it has the authority to order restitution to Jane Doe in this case."

Jane Doe timely filed this petition.  Title 18 U.S.C. § 3771(d)(3) requires us to issue a decision within 72 hours unless the parties stipulate to an alternative schedule.  The parties stipulated to a longer time frame, and a motions panel issued an opinion adopting the parties' stipulated schedule. Jane Doe v. U.S. Dist. Ct. (In re Doe), No. 22-70098, 2022 WL 6901080, at *5 (9th Cir. Oct. 12, 2022).  We now issue this opinion on the merits of the petition.

## STANDARD OF REVIEW

In most cases in which a petitioner seeks a writ of mandamus, we apply the stringent standard of review described in Bauman v. United States District Court, 557 F.2d 650, 654–55 (9th Cir. 1977).  Here, though, Jane Doe seeks mandamus through 18 U.S.C. § 3771(d)(3), the Crime Victims' Rights Act's provision aimed at protecting victims' rights.  We held in Kenna v. United States District Court for the Central District of California, 435 F.3d 1011 (9th Cir. 2006), that the Bauman factors do not apply in this circumstance; instead, we review for "an abuse of discretion or legal error."  Id. at 1017.  Some other circuits disagreed but, in 2015, Congress amended the statute in a way that clarifies that Kenna got it right:  "In deciding such application, the court of appeals shall apply ordinary standards of appellate review."  18 U.S.C. § 3771(d)(3). Accordingly, we apply the ordinary standards of appellate review, such as de novo review for legal conclusions, clear-error review for factual findings, and abuse-of-discretion review for discretionary judgments.  See In re Wild, 994 F.3d 1244, 1254 n.10 (11th Cir. 2021) (en banc) (holding that "the [statute] (as amended in 2015 to resolve a then-existing circuit split) directs us to 'apply ordinary standards of appellate review' in deciding the mandamus petition, see 18 U.S.C. § 3771(d)(3)—rather than the heightened 'clear

usurpation of power or abuse of discretion' standard that typically applies in the mandamus context" (second citation omitted)), cert. denied, 142 S. Ct. 1188 (2022). We therefore review de novo the questions of law raised by the parties here. Balla v. Idaho, 29 F.4th 1019, 1024 (9th Cir. 2022).

## DISCUSSION

Jane Doe asserts a single legal argument: the district court erred in concluding that it lacked statutory authority to order restitution. We agree. In enacting 18 U.S.C. § 3663(a)(3), Congress expressly granted district courts authority to order restitution whenever a defendant has agreed in a plea agreement to pay restitution. Defendant did so. Therefore, pursuant to the plain meaning of the statutory text and consistent with binding precedent, the district court had statutory authority to order restitution.

We begin with the statutory text. Section 3663(a)(3) provides: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Congressional intent is clear. If a defendant has agreed to pay restitution in a plea agreement, then the plain meaning of the statutory text grants the district court statutory authority to order the agreed-upon restitution.

Our cases, decided shortly after Congress enacted the provision, confirm that straightforward reading. "[S]ection 3663(a)(3) clearly provides that plea agreements allowing for restitution greater than the losses caused by the offenses of conviction are authorized by law." Soderling, 970 F.2d at 534 n.9. "Under 18 U.S.C. § 3663(a)(3), . . . a court can order restitution in any criminal case to the extent agreed to by the parties to a plea agreement." McAninch, 994 F.2d at 1384 n.4. Decisions by our sister circuits are in accord. E.g., United States v. Maturin, 488 F.3d 657, 661 (5th Cir. 2007);

United States v. Blake, 81 F.3d 498, 507 (4th Cir. 1996); United States v. Guthrie, 64 F.3d 1510, 1514 (10th Cir. 1995); United States v. Silkowski, 32 F.3d 682, 688–89 (2d Cir. 1994).

The statutory text and our cases are thus clear: in "any" criminal case, regardless of the crimes of conviction, and regardless of the defendant's conduct, a defendant may agree in a plea agreement to pay restitution to a victim. See, e.g., Olympic Forest Coal. v. Coast Seafoods Co., 884 F.3d 901, 906 (9th Cir. 2018) ("[T]he term 'any' [is] broad and all-encompassing."). Section 3663(a)(3) authorizes the district court to order restitution in that circumstance. In other words, even if the defendant's conduct, or the crimes to which a defendant pleads guilty, would not otherwise give rise to mandatory restitution, a defendant may agree to pay restitution, and the district court has authority to enforce that agreement by ordering restitution.

We note that § 3663(a)(3) potentially benefits the government and victims by allowing them to achieve an order of restitution through a plea agreement without regard to the defendant's crimes of conviction. Importantly, though, § 3663(a)(3) also potentially benefits defendants. The statute allows defendants to plead guilty to crimes that carry less severe penalties overall but that do not, by themselves, authorize restitution. Here, for example, Defendant initially faced sex-trafficking charges that carried mandatory minimum sentences far greater than the 96-month sentence that he received though the plea deal. Without § 3663(a)(3)'s allowance of restitution in any plea deal, victims such as Jane Doe might object to plea deals to lesser charges, complicating a defendant's attempt to avoid more serious charges and longer terms of imprisonment.

Section 3663(a)(3) thus gives the government, victims, and defendants flexibility to reach a just result for all involved.

Defendant does not dispute that § 3663(a)(3) authorizes district courts to award restitution as agreed to by the parties in a plea agreement. Rather, Defendant argues that the district court lacked authority to award restitution under the plea agreement in this case.[4] First, Defendant argues that the restitution provision in the plea agreement unambiguously limited the district court's authority such that the court could award restitution only for those crimes that trigger mandatory restitution under 18 U.S.C. § 2259. Because none of Defendant's conduct amounted to a crime that fell within that category, Defendant argues, the district court lacked authority to award Jane Doe restitution under the plain terms of the plea agreement. Second, Defendant argues that even if the plea agreement is ambiguous, we should interpret that ambiguity in his favor and hold that the district court lacked authority to award restitution under the plea agreement. We reject both arguments.

Our methodology for interpreting a plea agreement is settled. United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000). We begin "with the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." Id. (brackets, citation, and internal quotation marks omitted). We review the plea agreement as

---

[4] We reject, as unsupported by the record, Defendant's alternative argument that Jane Doe waived reliance on § 3663(a)(3). Nothing in the record suggests that Jane Doe intentionally relinquished the right to rely on § 3663(a)(3). See United States v. Depue, 912 F.3d 1227, 1232–33 (9th Cir. 2019) (en banc) (describing the requirements to prove waiver). To the contrary, Jane Doe expressly argued to the district court that, because the parties agreed to restitution in the plea agreement, the court had the authority to order restitution.

a whole and, if the terms of the plea agreement have a clear meaning, then our analysis is complete. Id. at 1095–96. "If, however, a term of a plea agreement is not clear on its face, we look to the facts of the case to determine what the parties reasonably understood to be the terms of the agreement." Id. at 1095. "If, after we have examined the extrinsic evidence, we still find ambiguity regarding what the parties reasonably understood to be the terms of the agreement," we then interpret any remaining ambiguity in the defendant's favor. Id.

To reiterate, the restitution provision in the plea agreement stated:

> The Defendant acknowledges that the conduct to which he is entering a plea is gives [sic] rise to mandatory restitution to the victim(s).   See 18 U.S.C. § 2259.   The Defendant agrees that for the purpose of assessing such restitution, the Court may consider losses derived from the counts of conviction as well as losses caused from dismissed counts and uncharged conduct in which the Defendant has been involved.  The Defendant agrees to pay the victim(s) the "full amount of the victim's losses" as defined in 18 U.S.C. § 2259(b)(3).

We begin with the most natural reading of the paragraph. The operative sentence—the agreement to pay—is the final sentence:   Defendant agreed to pay Jane Doe the six categories of loss defined in § 2259(b)(3).  The preceding sentence describes the conduct that the court may consider in determining loss:  "losses derived from the counts of

conviction as well as losses caused from dismissed counts and uncharged conduct in which the Defendant has been involved." Putting it all together, Defendant agreed to pay Jane Doe the six categories of loss described in § 2259, and the court could consider all of Defendant's conduct in calculating loss.

Those final two sentences of the restitution provision thus appear to authorize the district court to order restitution resulting not only from the counts of conviction but also from the dismissed counts and uncharged conduct. Unlike in United States v. Phillips, 174 F.3d 1074, 1077 (9th Cir. 1999), in which the defendant "did not specifically agree to pay restitution for [specific] counts in exchange for the government's promise to drop those charges," Defendant's plea agreement here specified that restitution would encompass the dismissed counts and uncharged conduct, and his plea agreement obligated the government to dismiss the original indictment in exchange for his consent to the plea deal.

But the first sentence of the restitution provision, when viewed in isolation, is not a model of clarity. In that sentence, Defendant "acknowledges" that his conduct gives rise to "mandatory restitution," and the sentence ends with a citation to § 2259. Section 2259 itself mandates restitution only for crimes defined in Chapter 110 of Title 18. 18 U.S.C. § 2259(a). Neither the crimes of conviction nor the originally charged crimes in the indictment fall within Chapter 110, so the purpose of the sentence is not entirely clear.[5]   Read in conjunction with the later sentences,

---

[5] As described in text, § 2259 authorizes restitution only for convictions under Chapter 110. In the same plea agreement, Defendant pleaded

however, we interpret the first sentence as simply acknowledging Defendant's obligation to pay restitution.

It is possible to read the restitution paragraph in a more constrained manner. Specifically, one could interpret the passage as an agreement to pay restitution only to the extent that the district court later determined that Defendant's conduct resulted in the commission of a crime encompassed by § 2259, that is, a crime defined in Chapter 110. Because the district court found (and Jane Doe does not challenge in the mandamus petition) that Defendant's conduct did not violate § 2259, Defendant would owe no restitution. In particular, one could read the first sentence as providing that Defendant agrees to pay mandatory restitution only to the extent that his "conduct," had it been charged as a crime, would "give[] rise to mandatory restitution . . . [pursuant to] § 2259." The third sentence's citation of § 2259 comports with this interpretation: "Defendant agrees to pay the victim(s) the 'full amount of the victim's losses' as defined in 18 U.S.C. § 2259(b)(3)."

But that interpretation contradicts other parts of the plea agreement. For example, the first sentence, read in its

---

guilty only to two counts of violating 18 U.S.C. § 1952(a)(3)(A). Those counts do not fall within Chapter 110, so those counts do not trigger § 2259's mandatory restitution provision. For the restitution paragraph to have any meaning, then, it must mean more than simply that Defendant's convictions trigger § 2259. To the extent that Defendant advances an interpretation that necessarily renders the restitution paragraph void on its face, we reject that interpretation. See United States v. Medina-Carrasco, 815 F.3d 457, 462 (9th Cir. 2015) (rejecting, as "contrary to basic principles of contract interpretation," an interpretation of a plea agreement that "would render meaningless" a provision of the plea agreement); accord United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam); United States v. Michlin, 34 F.3d 896, 901 (9th Cir. 1994).

entirety, does not suggest that, if the district court later found (as it did here), that Defendant did not commit any crime under Chapter 110, then he would not have to pay any restitution. The first sentence states only that "[t]he Defendant acknowledges that the conduct to which he is entering a plea is gives [sic] rise to mandatory restitution." (Emphasis added.) That sentence, read in its entirety, suggests that Defendant knows that he will have to pay restitution; only the amount is at issue. Similarly, the limited interpretation contradicts the second sentence, which provides that the court may consider losses from all conduct when "assessing such restitution," including the counts of conviction and the dismissed counts. Because neither the counts of conviction nor the dismissed counts fall within Chapter 110, it makes little sense to interpret "such restitution" as encompassing only the conduct that could have been charged under Chapter 110.

These competing interpretations show that the restitution provision is ambiguous. Accordingly, our next step is to "look to the facts of the case to determine what the parties reasonably understood to be the terms of the agreement." Clark, 218 F.3d at 1095. In our view, the record plainly reflects that the parties all understood that Defendant had agreed to pay restitution, limited to the categories of loss described in § 2259(b)(3). Defendant objected to the use of a definition other than the definition found in § 2259; he disputed the factual sufficiency of the evidence supporting the restitution amount; and he disputed whether Jane Doe had shown proximate cause. But, until Defendant's new lawyer took the assignment, the record contains no suggestion whatsoever that anyone thought that Defendant could escape paying restitution altogether because of a lack of statutory authority, if the court later held that Defendant

had not committed an offense triggering the mandatory restitution provision in § 2259. See id. at 1096 (looking to the understanding of "those who negotiated the agreement").

During the plea colloquy, the government's lawyer summarized that Defendant "agrees to pay the victim the full amount of victim's losses as defined in 18 U.S.C. § 2259(b)(3)." Defendant and his lawyer agreed with the government's summary. During sentencing, Defendant's lawyer objected substantively on the sole ground that the evidence supporting the restitution amount was insufficient. Before the first restitution hearing, Defendant objected only to Jane Doe's calculation method, which used the criteria particular to § 1593; indeed, Defendant expressly asked the court to use "a restitution calculation consistent with 18 U.S.C. §§ 2259(c)(2) or 3663A(b)(2)." During the first restitution hearing, Defendant's lawyer argued that § 2259 supplies the right formula for the amount that Defendant would have to pay, "which is a separate analysis than the analysis" under § 1593. During the second restitution hearing, Defendant requested that the district court "impose restitution" of a lower amount.

All of that conduct is consistent with our interpretation of the restitution provision; none of the conduct is consistent with the more limited interpretation of the restitution provision. Everyone who negotiated the plea agreement understood that Defendant agreed to pay restitution to Jane Doe. Defendant objected to the sufficiency of the evidence supporting particular amounts requested, and he insisted that restitution be limited to the categories found in § 2259. But Defendant's obligation to pay was never in doubt. In sum, "the extrinsic evidence unambiguously demonstrates" that Defendant agreed to pay restitution for Jane Doe's loss, as defined in § 2259(b)(3). Clark, 218 F.3d at 1096.

Accordingly, the rule that ambiguities are construed against the government does not apply.  See id. ("Only if the extrinsic evidence regarding the parties' intent fails to resolve the term's ambiguity must the court apply the rule construing ambiguous terms against the drafting party.").

CONCLUSION

We grant the petition for a writ of mandamus.  Defendant agreed to pay restitution, limited to the six categories of loss described in 18 U.S.C. § 2259(b)(3).    Title 18 U.S.C. § 3663(a)(3) grants district courts authority to award restitution whenever a defendant agrees in a plea agreement to pay restitution.    Accordingly, the district court has statutory authority to order restitution, and the court's holding to the contrary was legal error.  We instruct the district court to address the parties' remaining arguments, including any factual disputes concerning the amount of loss, any factual disputes as to whether Defendant's conduct proximately caused the losses, and any other arguments raised by the parties.

**PETITION GRANTED.**